## MARY S. BENNER ET AL., APPELLANTS, VS. THADDEUS STREET, ET AL., APPELLEES.

PARTITION—DECREE PRO CONFESSO NECESSARY BEFORE NON-ANSWERING DEFENDANTS CAN BE DECREED AGAINST—PUBLICATION FOR ABSENT DEFENDANTS IN.

1. In proceedings for the partition of land no decree of partition should be made until all the defendants to the bill have answered, or until a decree *pro confesso* has been regularly entered against all those who fail to answer. Street *et al.* vs. Benner, *et al.*, 20 Fla., 700, cited and approved.

2. An order for publication requiring absent defendants to appear and answer, cannot properly be issued until after the bill or petition is filed that such absent defendants are by such order required to appear to and answer.

3. Under our statute regulating the proceedings for the partition of lands, no order for publication requiring absent defendants to appear and answer, can properly be issued or granted until after the petition or bill for partition has been filed; and, by the provisions of the statute, it is necessary that such order for publication should be based upon the sworn statements *contained in such bill or petition* as to the non-residence of such absent defendants.

Appeal from the Circuit Court for Volusia county.

The facts of the case are stated in the opinion of the court.

*J. R. Parrott, Hamlin & Stewart* and *T. M. Day, Jr.*, for Appellants.

*Cooper & Cooper* for Appellees.

TAYLOR, J.:

This cause has been passed upon by this court on a former occasion (Street *et al.* vs. Benner *et al.*, 20 Fla., 700), where a complete statement of the case will be found. Upon such former appeal it was distinctly

held that under the provisions of our statute regulating the proceedings for partition of lands no decree of partition should be made until the defendants shall have answered, or until a decree *pro confesso* is entered as to those who have been summoned by subpœna or by publication; and the decree of partition rendered in the cause prior to such former appeal was reversed by this court upon the ground, among other reasons, that no decree *pro confesso* had been entered against various defendants to the bill for whom publication had been made prior to the rendition of such decree of partition.

In the record now before us upon this second appeal we find that the following named parties: Mary J. Rand, Sarah G. Rand, L. Pierce, M. Jacques, Thomas Addis Emmet, John B. Thorpe, Alex R. Thorpe, Edward P. Abbe, James S. Robinson, Christian S. Delevan, William W. Crapo and James P. Swain, are parties defendant to the bill, and are therein alleged to have undivided interests in the lands sought to be partitioned; and they are alleged in the bill to be non-residents of this State. Some evidence is in the record of the publication of a notice to them to appear and answer the bill, but there is nothing in the record now before us to show that any of them have ever appeared or answered, or otherwise plead to the bill, and no decree *pro confesso* appears ever to have been entered or taken against them or any of them. Notwithstanding this and the former decision of this court in the case, the decree of partition now appealed from has been made, commissioners for partition have been appointed, who have reported that the lands can not be divided in severalty without detriment to the interests of the parties concerned, and another decree has been

made ordering a sale of the lands for division. From these decrees this second appeal has been taken.

We are in perfect accord with the former decisions of this court in the case as to the necessity for a decree *pro confesso* against non-answering defendants who have been served either personally or by publication; before the court is authorized to proceed *ex parte* to a partition, or to the taking of any other material step in the cause. In reference to these absent and non-appearing defendants to the bill, there is another irregularity presented in the record as to the issuance of the notice for publication calling upon them to appear and answer, that is too glaringly at variance with all the established rules of equity practice, and with our statute regulating partition, to permit of our passing over it in silence when called upon to review a decree making disposition of lands in which these parties are alleged to be interested. The notice as published calling upon them to appear and answer was issued and signed by the judge on July 2nd, 1877, and the bill, that such notice required them to answer, was not filed until the 14th of July, 1877. This notice, as published, too, does not seem from the record to have been predicated upon either a *bill filed*, or upon any affidavit showing the non-residence of the defendants, but, as the published notice itself recites, was issued "on motion" of the complainants' solicitors.

Sections 2 and 3, p. 802 McClellan's Digest, of the statute under which this proceeding was instituted, expressly provides that the bill or petition shall be sworn to, and that in case any of the defendants are *therein stated to be non-residents*, etc., the judge shall make an order requiring them to appear, etc., which order shall be published, etc. Neither does this statute, or any other rule of practice that we have knowledge of,

·contemplate the parties who are in future to become defendants to a bill in equity can be required, through the medium of publication, to appear to and answer a bill not yet filed.

It follows from what has been said that the decrees appealed from must be and are hereby reversed, and the cause remanded for such further proceeding as shall be proper in the premises.